UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN BOHLEN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   No. 4:17-CV-01501-JAR |
| | ) |
| TOM VILLMER, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Brian Bohlen's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The matter is fully briefed and ready for disposition. For the following reasons, Petitioner's Petition under 28 U.S.C. § 2254 is **DENIED** and this action is **DISMISSED**.

**I.**     **Background**

On April 27, 2015, Petitioner pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970),[1] in the Circuit Court of St. Louis City, Missouri, to one count of first-degree robbery and one count of armed criminal action. Petitioner was sentenced to ten years of imprisonment on the first-degree robbery charge and three years on the armed criminal action charge, with the sentences to run concurrently.

Subsequently, Petitioner filed a pro se motion for state post-conviction relief under Missouri Court Rule 24.035, arguing that his plea counsel told him that an *Alford* plea was not the same as saying he was guilty; that his plea counsel told him that he would only have to serve 85%

---

[1] By entering an *Alford* plea a defendant assents to a charge without admitting guilt.

of his three-year sentence for armed criminal action when he actually had to serve 85% of his ten-year sentence for robbery; and that he "[mis]understood the affidavit, and was giv[en] fals[e] information." (Doc. No. 9-1 at 71). Petitioner was appointed counsel who filed an amended post-conviction motion on his behalf on February 2, 2016. (Doc. No. 9-4 at 5). In Movant's amended motion he argued that he was denied his right to effective assistance of counsel and that his guilty pleas were unknowingly, unintelligently, and involuntarily made because he entered the *Alford* plea only after his plea counsel assured him that he would have to serve only 30 months in prison (roughly 85% of the three-year armed criminal action sentence). (*Id.*). The motion court denied Petitioner's post-conviction motion without an evidentiary hearing and Petitioner appealed, arguing that the court erred in denying his ineffective assistance of counsel claim and for denying the claim without an evidentiary hearing. Subsequently, the Missouri Court of Appeals affirmed the denial of Petitioner's claim without an evidentiary hearing, finding that his ineffective assistance of counsel claim was directly refuted by the record. (*Id.* at 7-8).

Petitioner is currently incarcerated at Farmington Correctional Center in Farmington, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises four grounds for relief:

1. That Petitioner received ineffective assistance of counsel resulting in an involuntary guilty plea because his plea counsel told him that he was only going to serve 85% of the three-year sentence for armed criminal action.

2. That the post-conviction motion court erred in denying Petitioner's ineffective assistance of counsel claim without an evidentiary hearing.[2]

---

[2] In Ground Two of his petition, Petitioner originally requested relief because he had "no evidentiary hearing." In the supporting facts for his claim, he wrote, "I never got a[n] Evidentiary hearing. I asked my [plea counsel] for an Evidentiary hearing and I never got one." (Doc. No. 1 at 6). In response, Respondent stated that it was unclear at what part of the process Petitioner complained he did not receive an evidentiary hearing (specifically, whether he was complaining about not receiving an evidentiary hearing about his guilt or on his motion for post-conviction relief). (Doc. No. 9 at 8). In his Reply, Petitioner clarified that he was complaining of not receiving an evidentiary hearing on his post-conviction motion. (Doc. No. 13 at 1, 8).

2

3. That, prior to Petitioner's *Alford* plea, the plea court violated his fifth- and fourteenth-amendment rights by denying his motion to suppress statements he made to police.

4. That Petitioner received ineffective assistance of counsel resulting in an involuntary guilty plea because his plea counsel told him that entering an *Alford* plea was not the same as saying that he was guilty.

(Doc. No. 1 at 5-11).

**II.     Standard of Review**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)).

A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's]

3

precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court's factual findings are presumed to be correct, and a state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

### III. Discussion

#### A. Procedural Default

"[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing 28 U.S.C. § 2254(b)(1)(A)). Exhaustion requires "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where the petitioner fails to present his claims in state court, he "forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004)). "Cause for a procedural default exists where 'something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (alterations in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). To prove actual innocence, the petitioner must show not only new evidence, but "that 'it is more likely than not that no reasonable [fact-finder] would have convicted him in light of th[at] new evidence." *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir.2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

4

Here, Petitioner failed to properly present his third and fourth claims in state court. Petitioner never raised his third claim—that the plea court erred in denying his motion to suppress statements he made to police—during state post-conviction proceedings or on post-conviction appeal. Petitioner did originally raise his fourth ground of relief—that his plea counsel was ineffective for telling him that entering an *Alford* plea was not the same as pleading guilty—in his pro se post-conviction motion, but Petitioner did not pursue that claim in his amended motion. As a result, he never presented the claim to state court. *See King v. Wallace*, No. 4:13-CV-0199-ACL, 2016 WL 827931, at *4 (E.D. Mo. Mar. 3, 2016) (finding that claim mentioned in pro se post-conviction motion but not raised in amended post-conviction relief motion was never before the state court). Because Petitioner failed to properly raise these claims in state court, the claims are defaulted, and Petitioner is procedurally barred from presenting the claims in this Court unless he can demonstrate cause and prejudice or that he is actually innocent. Petitioner, however, is silent as to why the Court should consider these procedurally defaulted claims. He does not demonstrate any cause for his failure to present these arguments in state court, nor does he make a showing that he is innocent of the crimes for which he was committed. As a result, his third and fourth claims are procedurally defaulted and will be denied.

### B.  Ground One: Ineffective Assistance of Counsel

In his first ground, Petitioner argues that his plea counsel was ineffective for advising him that, if he entered an *Alford* plea, he would only have to serve 85% of his three-year sentence for armed criminal action. In the context of a guilty plea, a defendant who pleaded guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Wiles v. Jones*, 960 F.2d 751, 753 (8th Cir. 1991) (challenging voluntariness in the context of an *Alford* plea). To show

5

ineffective assistance of counsel, a habeas petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice in the context of a guilty plea, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *Wiles*, 960 F.2d at 753.

When, as here, an ineffective assistance of counsel claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citation omitted). It is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

Petitioner essentially argues that he only entered an *Alford* plea because he was misled by his attorney into believing that he would only have to serve 85% of his armed criminal action sentence (a period of approximately 30 months in prison), rather than a minimum of 85% of his ten-year sentence for first-degree robbery. This claim, however, is refuted by the record. During the guilty plea hearing, the following exchange occurred:

> PROSECUTOR:   The range of punishment on robbery, first degree, a Class A felony, is from ten years to thirty years to life in the Missouri Department of Corrections. Eighty-five percent of the sentence must be served before eligibility for parole. Armed criminal action, the range of punishment is a term of imprisonment no less than three years as a first offense for armed criminal action; the three years must be served in its entirety. But again, there's an indefinite amount of terms for armed criminal action. Those sentences could [ ] run concurrently or consecutively, one after the other.

6

| | | |
|---|---|---|
| THE COURT: | | [Petitioner], you understand the ranges of punishment? |
| PETITIONER: | | Yes, sir. |
| THE COURT: | | It's a maximum range, robbery, first degree, is up to life in prison, a minimum of ten years, you understand that, ten years to life? |
| PETITIONER: | | Yes. |
| THE COURT: | | And armed criminal action is mandatory three years without probation or parole up to life. Do you understand that, sir? |
| PETITIONER: | | Yes, sir. |
| THE COURT: | | And it's still your desire to enter a blind plea in this case? |
| PETITIONER: | | Yes, sir. |

(Doc. No. 9-4 at 3-4).

Upon review of the plea colloquy, the Missouri Court of Appeals explained its ruling as followed:

> [D]uring the guilty plea hearing, [Petitioner] told the court he understood, (1) the range of punishment for his first-degree robbery charge was ten years to life imprisonment; (2) eighty-five percent of the sentence for first-degree robbery must be served before eligibility for parole; (3) the range of punishment for his armed criminal action charge was three years without probation or parole to life imprisonment; and (4) a sentence of no less than three years for armed criminal action was mandatory.  Furthermore, during his sentencing hearing, [Petitioner] told the court no threats or promises were made to get him to plead guilty. . . .
>
> Based on the foregoing, we find no reasonable basis existed in the record for [Petitioner]'s belief that he would only have to serve thirty months of his sentence if he pled guilty to first-degree robbery and armed criminal action. Moreover, even if Counsel gave [Petitioner] erroneous advice about the length of his sentence and his parole eligibility, the record reflects the prosecutor and court "thoroughly disabused him of any preconceived notions" regarding the consequences of his guilty pleas, and consequently, [Petitioner]'s pleas were voluntarily made. *See Allen v. State*, 233 S.W.3d 779, 784 (Mo. App. E.D. 2007) (similarly finding).  Accordingly, [Petitioner]'s claim that Counsel was ineffective for misinforming him about his sentence is refuted by the record . . . .

(*Id.* at 7-8).

Upon consideration, the Court finds the decision of the Missouri Court of Appeals is entitled to deference. The appellate court found Petitioner's guilty plea was made knowingly and voluntarily, and a review of the state court record supports that finding. Petitioner acknowledged that he understood the possible range of punishment for each count and affirmed that his counsel did not coerce or threaten him into pleading guilty. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner must submit significant evidence to overcome the presumption; "conclusory allegations unsupported by specifics" are not enough. *Id.* Nothing in the record suggests that Petitioner's testimony was coerced or that his plea was unknowing or otherwise suspect, and he offers nothing but conclusory allegations in support of his ineffective assistance claim. Therefore, habeas relief is unwarranted and Ground One will be denied.

### C.  Ground Two: Denial of Evidentiary Hearing

In his second ground, Petitioner argues that he is entitled to relief because the post-conviction motion court denied his ineffective assistance of counsel claim without granting him an evidentiary hearing. Petitioner presented this argument on post-conviction appeal, and it was denied by the Missouri Court of Appeals. The appellate court explained that it was not erroneous for the motion court to deny the claim without an evidentiary hearing because, as previously discussed, the argument was clearly refuted by the record. (Doc. No. 9-4 at 8).

This Court cannot reach the merits of this argument "[b]ecause there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions" and, as a result, "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir.

8

1990); *see also Smith v. Lockhart*, 882 F.2d 331, 334 (8th Cir. 1989) (a state prisoner "cannot establish the unconstitutionality of his custody as required under 28 U.S.C. § 2254(a) merely by attacking the [state] post-conviction review process either in general or as applied in his case"); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984) ("§ 2254 gives federal courts jurisdiction to determine the constitutionality of a state criminal conviction, but does not authorize review of state postconviction relief proceedings"). Since Petitioner cannot raise a constitutional violation by challenging the post-conviction review process, his second ground fails and must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of July, 2020.